IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 3:14CR135 |
| v. ) | |
| ) | |
| CHRISTOPHER BURRUSS, ) | |
| ) | |
| Defendant. ) | |

## STATEMENT OF FACTS

The parties stipulate that the following facts are true and correct and that had the matter gone to trial the United States could have proven each of them beyond a reasonable doubt:

1. Leading up to and in or about November 2010, attorney T.N. represented defendant CHRISTOPHER BURRUSS in an Eluding Police and Driving Under the Influence (First Offense) criminal case in New Kent County, Virginia. BURRUSS proceeded to trial and was ultimately convicted on both offenses. The defendant is currently serving a sentence for those offenses in the Virginia Department of Corrections.

2. In or about November 2012, BURRUSS filed a Habeas Corpus Petition in state court, alleging ineffective assistance of counsel by T.N. After conducting a hearing, the Virginia Circuit Court with jurisdiction over the case rejected the defendant's challenge. The defendant appealed and, in early 2014, the case was pending before the Virginia Supreme Court with oral arguments scheduled for February 11, 2014.

3. On or about September 12, 2013, BURRUSS filed a Virginia State Bar complaint against T.N. Among other allegations, BURRUSS stated that he believed that T.N. had mishandled the New Kent County criminal case and had inappropriate communications and

1

contact with BURRUSS's friend S.B. and another woman leading up to and after the criminal case that affected T.N.'s representation. Included with the complaint, the defendant attached several embarrassing email and text messages between T.N., S.B., and two other women. Also included were affidavits from S.B. and another woman detailing some of their interactions with T.N. before and after the New Kent County criminal case. As described in the following paragraphs, these emails, text messages, and affidavits later served as the basis for the defendant's extortionate threats against T.N.

4. On or about January 20, 2014, BURRUSS caused the mailing of a letter to the Virginia State Bar regarding the status of the defendant's complaint against T.N. In that letter, BURRUSS indicated that he had been in touch with a reporter about T.N.'s representation and that the reporter had made specific requests for documentation in the defendant's possession (referring to the communications and affidavits that were included with the defendant's September 12, 2013 Virginia State Bar complaint). The defendant expressly stated that he "did not agree to turn **anything over at this time**." (Emphasis in original). BURRUSS specifically referenced the Habeas Corpus appeal set for oral argument before the Virginia Supreme Court on February 11, 2014. The defendant requested that the Bar contact T.N. and have him (T.N.) notify the Virginia Supreme Court of his behavior for their consideration in his case. He also stated that T.N. could also refund the monies he took from the defendant to handle the underlying criminal case.

5. On or about January 23, 2014, BURRUSS, aided and assisted by S.B., began a direct email exchange with T.N. in which the defendant communicated his extortionate demands. On January 23, 2014, at 8:28 pm, the defendant caused the following email message to be sent from S.B.'s aol.com account to T.N.'s law firm email account. The email included the subject

line: "Burruss bar complaint" and attached the January 20, 2014 Virginia State Bar letter referenced in the previous paragraph. The email stated:

> *[T.N.], here is a copy of the letter that was sent to the Bar. Chris is hoping you will do the right thing for everyone and put together an affidavit for the Supreme Court. His appointment with the press is on Monday and I would hate to see this all come to light.*
>
> *[S.B.]*

6. On or about January 24, 2014, T.N. responded to the January 23, 2014 email with a list of questions and observations:

> *1. His going public will certainly be punitive and hurtful to me and some innocent people who have nothing to do with the case. It is one thing to target me, it is another thing to leverage innocent people. Please think about that.*
>
> *2. I do not see how it helps his case.*
>
> *3. I still must address the Bar complaint regardless and cannot discuss that with you.*
>
> *4. I must talk to the Bar to be certain I am not running afoul of some other matter if I prepare an affidavit.*
>
> *5. Did you pay for his legal fees and if so are you asking me to repay you?*
>
> *6. What assurance do I have that he won't still go public if I do prepare an affidavit and his appeal is denied?*
>
> *7. Did he file your and [C.E.'s] affidavits with the court? If so, it will become public anyway.*
>
> *8. I do not do habeus [sic] corpus work. Is he seeking a complete dismissal or a new trial? If the latter he will most certainly be convicted again and could only hope fir [sic] a reduced sentence.*
>
> *I would appreciate your responses and as I am in Richmond all week and have no idea if the Bar has contacted me about his letter. I will call them this am and see if I can meet with them this afternoon.*
>
> *I appreciate the heads up on his intentions.*

7.  On or about January 24, 2014, BURRUSS drafted a second email message in response to T.N.'s questions. At 4:56 pm that same day, the defendant caused a second email to be sent from S.B.'s aol.com account to T.N.'s law firm account:

*Hi [T.N.]-*

*In response to your letter this morning Chris is seeking that you write an affidavit to be submitted to the Supreme Court admitting that you mishandled the case. He is also seeking complete restitution, which would include your retainer and the $20,000 in legal fees since then. In the event that the DUI fine remains in effect he asks that you pay that, as well. Neither of the affidavits from [C.E.] or myself were submitted to the court. They are not yet public record, however Chris intends to move forward on Monday afternoon. As far as the Bar is concerned we all know they would prefer to keep all of this very quiet.*

*Best regards-*
*[S.B.]*

This email forms the basis for the offense charged in Count One of the Criminal Information. The defendant agrees and stipulates that due to the established email system used by T.N.'s law firm, this message was processed through servers maintained in Richmond, Virginia, and travelled in interstate commerce across state lines before being received by T.N. on January 24, 2014. As charged in Count One, BURRUSS agrees that he, aided and abetted by S.B., caused this email communication to be sent with the intent to extort from T.N. money and another thing of value, specifically an affidavit to be provided to the Virginia Supreme Court in the Habeas Corpus proceeding. This email communication, which was addressed to T.N., contained a threat to injure the reputation of T.N. by public disclosure of information about T.N.'s email and text message communications and other interactions with S.B. and two other women (referenced above in Paragraph 3).

8. On or about January 24, 2014, at 5:15 pm, T.N. responded to the above email:

*[S.B.]:*

*I spoke to the Bar on two separate occasions today. First, they had not received Chris' letter and I forwarded it to them. Later they called me back and said they had it but it just had not made its way to the attorney. Secondly, I was advised they would not have notified me of Chris' letter and will not forward any communication from him to me. Consequently, had you not sent the letter to me I would have never known about it.*

*I was advised that the Bar has no involvement in the trial related issues as that is exclusively within the province of the Supreme Court. I was further advised that the Bar had no difficulty with me preparing an affidavit provided it was accurate.*

*Here are my thoughts even though you have not responded to my questions. I will read the habeas corpus over tomorrow as well as the attorney's letter and advise what I am willing to include in the affidavit. I am not willing to acknowledge anything about any communications with you or [C.E.].*

9. On or about January 24, 2014, BURRUSS drafted a third email message in response to T.N.'s email in the previous paragraph. At 7:56 pm that same day, the defendant caused the third email to be sent from S.B.'s aol.com account to T.N.'s law firm account:

*Hi- Chris understands that you cannot make your communications with [C.E.] and me a public record. He does expect a convincing argument, as well as full restitution. It is a package and he is not flexible. He did say that if you would like a signed confidentiality agreement he would be willing to do that at time of settlement. What is the question you need answered?*

*FYI-I will be offline from early Saturday morning till midafternoon.*

10. On or about January 25, 2014, at 8:50 am, T.N. responded with additional questions about the defendant's demands and intentions. Unbeknownst to the defendant, T.N. was taking steps to contact prosecution authorities at that time.

11. On or about January 26, 2014, at 2:37 pm, BURRUSS caused the fourth and final email to be sent from S.B.'s aol.com account to T.N.'s law firm account. The final email stated that any questions T.N. had should be directed to the defendant's lawyer or the Virginia Senior

5

Assistant Attorney General involved in handling the Habeas Corpus matter pending before the Virginia Supreme Court. In the final sentence, the email stated: *"To be clear, there is no quid pro quo. Please contact these lawyers for any assistance."* After this email, T.N. had no further communication with BURRUSS or S.B. T.N. reported this matter to the federal and state authorities, which led to the current prosecution.

Respectfully Submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: *Michael Gill*

Michael R. Gill
Assistant United States Attorney
Main Street Centre
600 E. Main Street, Suite 1800
Richmond, Virginia 23219-2447
(804) 819-5443

After consulting with my attorney and pursuant to the plea agreement entered into this date between the defendant CHRISTOPHER BURRUSS and the United States, I hereby stipulate that the above Statement of Facts are true and accurate, and that had the matter proceeded to trial, the United States could prove these facts beyond a reasonable doubt.

_____
CHRISTOPHER BURRUSS
Defendant

I am CHRISTOPHER BURRUSS'S attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Carolyn Grady
Counsel for Defendant